IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE HUFF and HAZEL JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 08 C 1058 |
| ) | |
| OFFICER CODY HILL #12253, OFFICER ) | JUDGE DARRAH |
| MILLAUN BROWN #15672, OFFICER ) | MAGISTRATE JUDGE KEYS |
| JULIETTE SCOTT #1193, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS BROWN, SCOTT AND HILL'S ANSWER
## AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants Millaun Brown, Juliette Scott and Courtney Hill ("Brown", "Scott" and "Hill", respectively, "Defendant Officers" collectively), by their attorney, Alec M. McAusland, Senior Asst. Corp. Counsel, make the following answer, affirmative defenses and jury demand in response to plaintiff's complaint.

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** The Defendant Officers admit the jurisdictional allegations of paragraph 1.

**PARTIES**

2. PLAINTIFFS are residents of the State of Illinois and of the United States.

**ANSWER:** Hill admits, and Brown and Scott admit on information and belief, the allegations of paragraph 2.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** The Defendant Officers admit the allegations of paragraph 3.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** The Defendant Officers admit the allegations of paragraph 4.

## FACTS

5. On or about August 21, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** The Defendant Officers admit they seized plaintiff Huff on the date alleged. The Defendant Officers deny they seized plaintiff Jones on the date alleged. The Defendant Officers deny their conduct was unreasonable or that it violated the Fourth Amendment.

6. On or about August 21, 2007, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** The Defendant Officers admit the allegations of paragraph 6.

7. The show of force initiated by and/or the failure to intervene in the use of said force by DEFENDANT OFFICER HILL caused an unreasonable seizure to PLAINTIFF HUFF.

**ANSWER:** Brown and Scott are without knowledge or information as to what show of force defendant Hill initiated with regard to plaintiff Huff. Brown and Scott deny that they failed

to intervene or that they had any opportunity to intervene in any such show of force, and deny that they unreasonably seized plaintiff Huff. Hill denies he unreasonably seized plaintiff Huff or used unreasonable force against plaintiff Huff, or that he failed to intervene in any use of force or unreasonable seizure of plaintiff Huff.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn the PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**ANSWER:** Defendant Officers admit they arrested plaintiff. Defendant Officers deny the remaining allegations of paragraph 8.

9. On August 21, 2007, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Defendant Officers deny, on information and belief, the allegations of paragraph 9.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**ANSWER:** Defendant Officers deny the allegations of paragraph 10.

11. On or about August 21, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** Hill denies he was on duty at the time of plaintiff Huff's arrest. Defendant

Officers deny the complained of conduct. Defendant Officers admit the remaining allegations of paragraph 11.

     12.    Upon information and belief, OFFICER CODY HILL #12253, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

     **ANSWER:**    Hill admits, and Brown and Scott admit on information and belief, the allegations of paragraph 12.

     13.    Upon information and belief, OFFICER MILLAUN BROWN #15672, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

     **ANSWER:**    Defendant Officers admit the allegations of paragraph 13.

     14.    Upon information and belief, OFFICER MILLAUN BROWN #15672, on August 21, 2007, came into physical contact with PLAINTIFF JONES.

     **ANSWER:**    Defendant Officers deny the allegations of paragraph 14.

     15.    Upon information and belief, OFFICER JULIETTE SCOTT #11193, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

     **ANSWER:**    Defendant Officers deny the allegations of paragraph 15.

     16.    Upon information and belief, OFFICER JULIETTE SCOTT #11193, on August 21, 2007, came into physical contact with PLAINTIFF JONES.

     **ANSWER:**    Defendant Officers deny the allegations of paragraph 16.

## CONSPIRACY

     17.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

          a.    agreeing to falsely arrest and/or falsely institute criminal

        charges/proceedings against the PLAINTIFFS;

    b.    using excessive force and/or failing to intervene in the use of excessive force against PLAINTIFF HUFF.

    c.    agreeing not to report each other after witnessing and/or using excessive force relative to PLAINTIFF HUFF;

    d.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and/or

    e.    generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:**    Defendant Officers deny the allegations of paragraph 17.

18.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 21, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER:**    Defendant Officers deny the allegations of paragraph 18.

**EQUAL PROTECTION**

19.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:**    Defendant Officers deny the allegations of paragraph 19.

20.    With regard to an Equal Protection Claim, PLAINTIFFS are a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim

and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against City of Chicago Police Officers.

**ANSWER:** Defendant Officers deny the allegations of paragraph 20.

## *MONELL* ALLEGATIONS

21.     It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions:

   a.   generate false documentation to cover-up for the misconduct of fellow police officers;

   b.   engage in acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c.   fail to properly discipline officers from said police department who have committed act(s) of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d.   fail to properly investigate a complaint of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a police officer upon another;

   e.   fail to take proper remedial action against a police officer once it is determined that an act of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

   f.   allow misconduct to occur in various types and severity such that police officers believe that they can engage in significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

   g.   fail to provide adequate sanctions/discipline to officers who commit significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists

      among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaged in illegal behavior; *inter alia* significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

j.     fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

k.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

m.     fail to properly investigate officers who commit acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly discipline) for engaging in misconduct with citizens;

    n.    fail to take proper remedial action with officers who commit acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

    o.    fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the police department.

**ANSWER:** Defendant Officers deny the allegations of paragraph 17.

22.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for the City of Chicago recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the police department in order to permit said conduct to re-occur.

**ANSWER:** Defendant Officers deny the allegations of paragraph 22.

23.    A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:** Defendant Officers deny the allegations of paragraph 23.

## COUNT I
### §1983 Excessive Force

24.    PLAINTIFF HUFF re-alleges 1 - 21 as though fully set forth herein.

**ANSWER:** Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 24.

25.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT

OFFICERS amounted to an excessive use of force onto PLAINTIFF HUFF.  This conduct violates the fourth Amendment of the United States Constitution.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 25.

26. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 26.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count I, with fees and costs, and with such other relief as this Honorable Court deems just.

### COUNT II
### §1983 Excessive Force

27. PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:**   Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 27.

28. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 28.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 29.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter

judgment in their favor on Count II, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT III
### False Arrest - State Claim

30.    PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:**    Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 30.

31.    The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:**    Defendant Officers deny the allegations of paragraph 31.


32.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**    Defendant Officers deny the allegations of paragraph 32.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count III, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT IV
### Battery - State Claim

33.    PLAINTIFF HUFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:**    Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 33.

34. DEFENDANT OFFICER HILL struck PLAINTIFF HUFF intentionally, without consent and without justification.

**ANSWER:** Hill denies the allegations of paragraph 34.

35. The conduct of DEFENDANT OFFICER HILL was in violation of Illinois Law.

**ANSWER:** Hill denies the allegations of paragraph 35.

36. The aforementioned actions of DEFENDANT OFFICER HILL were the direct and proximate cause of the violations set forth above.

**ANSWER:** Hill denies the allegations of paragraph 36.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count IV, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT V
### Malicious Prosecution - State Claim

37. PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 37.

38. The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

**ANSWER:** Defendant Officers deny the allegations of paragraph 38.

39. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:** Defendant Officers deny the allegations of paragraph 39.

40. The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

**ANSWER:** Defendant Officers admit, on information and belief, the allegations of paragraph 40.

41. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** Defendant Officers admit, on information and belief, the allegations of paragraph 41.

42. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** Defendant Officers deny the allegations of paragraph 42.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count V, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT VI
### § 1983 Conspiracy Claim

43. PLAINTIFFS re-allege 1- 21 as though fully set forth herein.

**ANSWER:** Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 43.

44. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

**ANSWER:** Defendant Officers deny the allegations of paragraph 44.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count VI, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT VII
### Conspiracy Claim - State Law

45.   PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:**   Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 45.

46.   The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:** Defendant Officers deny the allegations of paragraph 46.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count VII, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT VIII
### § 1983 Equal Protection - Class of One

47.   PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:**   Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 47.

48.     The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 48.

49.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**   Defendant Officers deny the allegations of paragraph 49.

**WHEREFORE**, Defendant Officers respectfully pray that this Honorable Court enter judgment in their favor on Count VIII, with fees and costs, and with such other relief as this Honorable Court deems just.

## COUNT IX - *Monell*

Defendant Officers make no answer to the allegations of Count IX, as Count IX is not directed toward them.

## COUNT X
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

54.     PLAINTIFFS re-allege paragraphs 1 - 21 as through fully set forth herein.

**ANSWER:**   Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 54.

55.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**   Defendant Officers admit the allegations of paragraph 55.

56.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendant Officers deny the wrongful conduct alleged above. Defendant Officers admit the remaining allegations of paragraph 56.

## COUNT XI
### Supplementary Claim for *Respondeat Superior*

57. PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER:** Defendant Officers reallege their answers to paragraphs 1-21 as their answer to paragraph 57.

58. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:** Defendant Officers deny the wrongful conduct alleged above. Defendant Officers admit the remaining allegations of paragraph 58.

### AFFIRMATIVE DEFENSES

1. At all times during the events alleged in Plaintiff's complaint, a reasonable police officer in the position of the Defendant Officers could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Defendant Officers are entitled to qualified immunity for their actions.

2. Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton. Id. at § 2-202. Defendant Officers' complained of actions were not wilful or wanton.

**JURY DEMAND**

Defendant Officers respectfully demand this case be tried by jury.

Respectfully submitted,

_____
ALEC M. McAUSLAND
Senior Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4038
(312) 744-6566 (FAX)
ATTY. NO.  06202724

**I, ALEC M. McAUSLAND, HEREBY CERTIFY** that I have caused the above **DEFENDANTS BROWN, SCOTT AND HILL'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** to be served upon all parties to this case via CM/ECF electronic notice.

**DATED** this 12th day of May, 2008.