IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HUFF and HAZEL JONES, | ) | |
| | ) | **No. 08 C 1058** |
| Plaintiffs, | ) | |
| | ) | JUDGE DARRAH |
| v. | ) | |
| | ) | Magistrate Judge Keys |
| OFFICER CODY HILL #12253, OFFICER | ) | |
| MILLAUN BROWN #15672, OFFICER | ) | |
| JULIETTE SCOTT #11193, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND**

Defendant, City of Chicago, by Mara S. Georges, Corporation Counsel for the City of Chicago for its answer defenses and jury demand to Plaintiffs' Complaint at Law, states as follows:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary [*sic*] jurisdiction powers.

**ANSWER**: The City of Chicago ("City") admits that the jurisdiction of the Court over Plaintiffs' federal claims is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and jurisdiction of the Court over Plaintiffs' state claims is invoked pursuant to 1343(a)(3) and the Court's supplemental jurisdiction powers. The City denies that the United States Constitution provides Plaintiffs with a direct cause of action.

**PARTIES**

2. PLAINTIFFS are residents of the State of Illinois and of the United States.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.   The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER**:   The City admits, at all times relevant to Plaintiffs' Complaint at Law ("complaint"), the named Defendant Officers were employed by and acting on behalf of the City of Chicago.

4.   The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER**:   The City admits that it is a duly incorporated municipal corporation and that it was, at all times relevant to this complaint, an employer of the named Defendant Officers.  The City further admits that, at all times relevant to this complaint, the named Defendant Officers were acting under color of law.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

## FACTS

5.   On or about August 21, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFFS. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER**:   The City admits, based on Chicago Police Department ("CPD") records, that Plaintiff Huff was arrested on August 21, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

6. On or about August 21, 2007, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. The show of force initiated by and/or the failure to intervene in the use of said force by DEFENDANT OFFICER HILL caused an unreasonable seizure to PLAINTIFF HUFF.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**ANSWER**: The City admits, based on CPD records, that Plaintiff Huff was arrested on August 21, 2007, and charged with three counts of battery, 720 ILCS 5/12-3(a)(1). The City further admits, based on CPD records, that Defendants Scott and Brown were the arresting officers and Defendant Hill was present at the time of Plaintiff Huff's arrest. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

9. On August 21, 2007, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     On or about August 21, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER**:     The City admits that the named Defendant Officers are duly appointed police officers for the Defendant City of Chicago and acted within the scope of their employment at all times relevant to Plaintiffs' complaint. The City further admits that Plaintiffs claim they are suing Defendant Officers in their individual capacities. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

12.     Upon information and belief, OFFICER CODY HILL #12253, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

**ANSWER**:     The City admits, according to CPD documents, Plaintiff Huff was apprehended by Officer Cody Hill #12253 on August 21, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

13.     Upon information and belief, OFFICER MILLAUN BROWN #15672, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Upon information and belief, OFFICER MILLAUN BROWN # 15672, on August 21, 2007, came into physical contact with PLAINTIFF JONES.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     Upon information and belief, OFFICER JULIETTE SCOTT # 11193, on August 21, 2007, came into physical contact with PLAINTIFF HUFF.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Upon information and belief, OFFICER JULIETTE SCOTT #11193, on August 21, 2007, came into physical contact with PLAINTIFF JONES.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## CONSPIRACY

17.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFFS in the following manner:

    a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

    b.  using excessive force and/or failing to intervene in the use of excessive force against PLAINTIFF HUFF;

    c.  agreeing not to report each other after witnessing and/or using excessive force relative to PLAINTIFF HUFF;

    d.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and/or

    e.  generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including sub-paragraphs (a) through (e).

18. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 21,2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### EQUAL PROTECTION

19. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. With regard to an Equal Protection Claim, PLAINTIFFS are a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS. Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against City of Chicago Police Officers.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

## MONELL ALLEGATIONS

21.     It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions:

    a.    generate false documentation to cover-up for the misconduct of fellow police officers;

    b.    engage in acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    c.    fail to properly discipline officers from said police department who have committed act(s) of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    d.    fail to properly investigate a complaint of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a police officer upon another;

    e.    fail to take proper remedial action against a police officer once it is determined that an act of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

    f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

    g.    fail to provide adequate sanctions/discipline to officers who commit significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

    h.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* significant intrusions to the body of innocent citizens, excessive force,

and/or serious acts of violence;

i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the police department;

m. fail to properly investigate officers who commit acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n. fail to take proper remedial action with officers who commit acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the police department.

**ANSWER**:   The City denies the allegations in this paragraph, including sub-paragraphs (a) through (o).

22.   This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for the City of Chicago recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the police department in order to permit said conduct to re-occur.

**ANSWER**:   The City denies the allegations in this paragraph.

23.   A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER**:   The City denies the allegations in this paragraph.

## COUNT I
## § 1983 Excessive Force

24.   PLAINTIFF HUFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:   The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

25.   The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF HUFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.	The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


**COUNT II**
**§ 1983 False Arrest**

27.	PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:	The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.


28.	The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


29.	The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER**:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.


**COUNT III**
**False Arrest -State Claim**

30.	PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:   The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

31.   The DEFENDANT OFFICERS arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER**:   The City admits, based on CPD records, that Plaintiff Huff was arrested on August 21, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

32.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IV
### Battery -State Claim

33.   PLAINTIFF HUFF re-alleges paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:   The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

34.   DEFENDANT OFFICER HILL struck PLAINTIFF HUFF intentionally, without consent and without justification.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. The conduct of DEFENDANT OFFICER HILL was in violation of Illinois Law.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. The aforementioned actions of DEFENDANT OFFICER HILL were the direct and proximate cause of the violations set forth above.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT V
### Malicious Prosecution - State Claim

37. PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**: The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

38. The DEFENDANT OFFICERS alleged that PLAINTIFFS violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFFS.

**ANSWER**: The City admits, based on CPD records, that Plaintiff Huff was arrested on August 21, 2007, and charged with three counts of battery, 720 ILCS 5/12-3(a)(1). The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

39. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

40. The underlying criminal charges were ultimately resolved in favor of PLAINTIFFS.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER**: The City denies the allegations contained in this paragraph to the extent they are directed toward the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## COUNT VI
### § 1983 Conspiracy Claim

43. PLAINTIFFS re-allege paragraphs 1-21 as though fully set forth herein.

**ANSWER**: The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

44. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

**ANSWER**:　　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT VII
### Conspiracy Claim - State Law

45.　　PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:　　The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

46.　　The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER**:　　The City denies the allegations contained in this paragraph to the extent they are directed toward the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## COUNT VIII
### § 1983 Equal Protection - Class of One

47.　　PLAINTIFFS re-allege paragraphs 1-21 as though fully set forth herein.

**ANSWER**:　　The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

48.　　The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER**:　　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IX - *Monell*

50.     PLAINTIFFS re-allege paragraphs 1 - 21 as though fully set forth herein.

**ANSWER**:     The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

51.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER**:     The City denies the allegations in this paragraph.

52.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the DEFENDANT OFFICERS.

**ANSWER**:     The City denies the allegations in this paragraph.

53.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFFS were injured in a personal and pecuniary manner.

**ANSWER**:     The City denies the allegations in this paragraph.

## COUNT X

**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

54. PLAINTIFFS re-allege paragraphs 1-21 as though fully set forth herein.

**ANSWER**: The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

55. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER**: The City admits that it is an employer of the named Defendant Officers.

56. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER**: The City admits that the named Defendant Officers were acting under color of law and in the scope of employment at all times relevant to Plaintiffs' complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

**COUNT XI**
**Supplementary [*sic*] Claim for *Respondent Superior***

57. PLAINTIFFS re-allege paragraphs 1-21 as though fully set forth herein.

**ANSWER**: The City's answers to those paragraphs are incorporated herein by reference as though fully set forth.

58. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER**:   The City admits that the named Defendant Officers were acting within the scope of their employment for the Defendant City of Chicago at all times relevant to Plaintiffs' complaint. The City states that the allegations that the City, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*, is a vague, incomplete and/or inaccurate statement of the City's liability under this doctrine; therefore, this allegation is denied.

**WHEREFORE**, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiffs' Complaint at Law, award Defendant such costs and fees as allowed by law and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

2.     Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

3.     Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

4.	Defendant Officers are not liable for any of Plaintiffs' claims because they can not be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiffs' alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5.	Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

6.	To the extent any injuries or damages claimed by Plaintiffs was proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.	One basis for liability against the City is a claim for indemnity. 745 ILCS 10/9-102. If the Defendant Officers are found not liable to the Plaintiffs, the City is not liable to the Plaintiffs. 745 ILCS 10/2-109.

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

Respectfully submitted,

> MARA S. GEORGES,
> CORPORATION COUNSEL
> CITY OF CHICAGO


                By:    */s/ Kathleen D. Manion*
                        KATHLEEN MANION
                        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No.  06286785

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HUFF and HAZEL JONES, | ) | |
| | ) | No.   08 C 1058 |
| Plaintiffs, | ) | |
| | ) | JUDGE DARRAH |
| v. | ) | |
| | ) | Magistrate Judge Keys |
| OFFICER CODY HILL #12253, OFFICER MILLAUN BROWN #15672, OFFICER JULIETTE SCOTT #11193, and the CITY OF CHICAGO, | ) ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND** was served upon all parties via CM/ECF electronic notice.

/s/ Kathleen D. Manion
KATHLEEN D. MANION